David Barkan (SBN 160825 / barkan@fr.com)
Thomas B. Manuel (SBN 254186 /
manuel@fr.com)
Fish & Richardson PC
500 Arguello Street, Suite 500
Redwood City, CA  94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiffs
MAXIM INTEGRATED PRODUCTS, INC.,
AND VOLTERRA SEMICONDUCTOR LLC

Michael J. Bettinger (SBN 122196 /
mike.bettinger@klgates.com)
Rachel Davidson (SBN 215517 /
rachel.davidson@klgates.com)
K & L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA  94111-5994
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., FAIRCHILD
SEMICONDUCTOR CORPORATION,
CALUM MACRAE, LUIZ RAZERA, AMIT
JAIN, THOMAS TRUMAN AND ROBERTO
GUERRERO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MAXIM INTEGRATED PRODUCTS, INC. and
VOLTERRA SEMICONDUCTOR LLC,

      Plaintiffs,

v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., FAIRCHILD
SEMICONDUCTOR CORPORATION,
CALUM MACRAE, LUIZ RAZERA, AMIT
JAIN, THOMAS TRUMAN and ROBERT
GUERRERO,

      Defendants.

Case No. 14-cv-04391-MMC

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER

Plaintiffs Maxim Integrated Products, Inc. and Volterra Semiconductor LLC and Defendants

Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corp., Calum MacRae, Luiz

Razera, Amit Jain, Thomas Truman, and Robert Guerrero hereby stipulate and agree as follows:

1.    **PURPOSES AND LIMITATIONS**

      Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public disclosure

1   and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

2   the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

3   Order. The parties acknowledge that this Order does not confer blanket protections on all

4   disclosures or responses to discovery and that the protection it affords from public disclosure and

5   use extends only to the limited information or items that are entitled to confidential treatment under

6   the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below,

7   that this Stipulated Protective Order does not entitle them to file confidential information under

8   seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that

9   will be applied when a party seeks permission from the court to file material under seal.

10  **2.     DEFINITIONS**

11       2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

12  information or items under this Order.

13       2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

14  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

15  Civil Procedure 26(c).

16       2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well

17  as their support staff).

18       2.4   <u>Designated House Counsel</u>: In-house Counsel who seek access to

19  "CONFIDENTIAL" information in this matter.  The parties hereby agree that they will each

20  designate no more than two in-house counsel who will have access to such material.  At present,

21  Plaintiffs designate Mr. Ed Medlin, and Ms. Mary Fuller.  Defendants designate Mr. Paul Delva and

22  Mr. Joel Pond.  Either party may change its designations upon written notice to the other parties;

23  however, neither party shall have more than two in-house counsel with access to CONFIDENTIAL

24  information at any time.

25       2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

26  produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

27  CONFIDENTIAL –CODE or SCHEMATICS".

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 14-cv-04391-MMC

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "<u>HIGHLY CONFIDENTIAL –CODE or SCHEMATICS</u>" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code or circuit schematics and associated comments and revision histories, formulas, engineering specifications, or files that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16    Designated Information: Information designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –CODE or SCHEMATICS" pursuant to this Order.

**3.      SCOPE**

The protections conferred by this Stipulation and Order cover not only Designated Information (as defined above), but also (1) any information copied or extracted from Designated Information; (2) all copies, excerpts, summaries, or compilations of Designated Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Designated Information. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Designated Information at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING DESIGNATED INFORMATION**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to

1   limit any such designation to specific material that qualifies under the appropriate standards. To the

2   extent it is practical to do so, the Designating Party must designate for protection only those parts of

3   material, documents, items, or oral or written communications that qualify – so that other portions

4   of the material, documents, items, or communications for which protection is not warranted are not

5   swept unjustifiably within the ambit of this Order.

6        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

7   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

8   encumber or retard the case development process or to impose unnecessary expenses and burdens

9   on other parties) expose the Designating Party to sanctions.

10       If it comes to a Designating Party's attention that information or items that it designated for

11  protection do not qualify for protection at all or do not qualify for the level of protection initially

12  asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

13  mistaken designation.

14       5.2     Manner and Timing of Designations. Except as otherwise provided in this Order

15  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

16  Disclosure or Discovery

17       Material that qualifies for protection under this Order must be clearly so designated before

18  the material is disclosed or produced.

19       Designation in conformity with this Order requires:

20       (a) for information in documentary form (e.g., paper or electronic documents, but excluding

21  transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

22  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – CODE or SCHEMATICS"] to each

23  page that contains Designated Information. If only a portion or portions of the material on a page

24  qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

25  by making appropriate markings in the margins) and must specify, for each portion, the level of

26  protection being asserted.

27       A Party or Non-Party that makes original documents or materials available for inspection

28  need not designate them for protection until after the inspecting Party has indicated which material

it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –CODE or SCHEMATICS]) to each page that contains Designated Information. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

**Transcripts containing Designated Information shall have an obvious legend on the title page that the transcript contains Designated Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Designated Information and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for**

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 14-cv-04391-MMC

1   **designation shall be treated during that period as if it had been designated**

2   **"CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that**

3   **period, the transcript shall be treated only as actually designated.  Any exhibits to the**

4   **Transcript shall retain their original designations irrespective of the designation of the**

5   **portions of the Transcript that relate to that exhibit.**

6       (c) for information produced in some form other than documentary and for any other

7   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

8   containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

9   CONFIDENTIAL –CODE or SCHEMATICS". If only a portion or portions of the information or

10   item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

11   portion(s) and specify the level of protection being asserted.

12       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

13   designate qualified information or items does not, standing alone, waive the Designating Party's

14   right to secure protection under this Order for such material. Upon timely correction of a

15   designation, the Receiving Party must make reasonable efforts to assure that the material is treated

16   in accordance with the provisions of this Order.

17   **6.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

18       6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

19   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

20   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

21   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

22   challenge a confidentiality designation by electing not to mount a challenge promptly after the

23   original designation is disclosed.

24       6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process

25   by providing written notice of each designation it is challenging and describing the basis for each

26   challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

27   recite that the challenge to confidentiality is being made in accordance with this specific paragraph

28   of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Receiving Party shall file and serve a motion to remove the confidentiality designation.  Any such motion shall comply with Civil Local Rule 7 (and comply with Civil Local Rule 79-5, if applicable).  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF DESIGNATED INFORMATION**

7.1     Basic Principles. A Receiving Party may use Designated Information that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Designated Information may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Designated Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and who have been approved under Section 7.4 below;

(d) the court and its personnel;

(e) court reporters and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) professional jury or trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

(g) during depositions or trial testimony, the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – CODE or SCHEMATICS" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – CODE or SCHEMATICS only to the persons identified in Section 7.2, except for Designated House Counsel who shall not be permitted access to such information.  In addition, information so designated shall only be stored by the Receiving Party on encrypted media.

7.4 Procedures for Approving or Objecting to Disclosure of Designated Information to Experts.

Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose Designated Information to an Expert first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received

compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Designated Information to the identified Designated House Counsel or Expert unless, within 10 business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within five business days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Designated Information to the Expert.

## 10. DESIGNATED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

10

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 14-cv-04391-MMC

1    (b) promptly notify in writing the party who caused the subpoena or order to issue in the

2    other litigation that some or all of the material covered by the subpoena or order is subject to this

3    Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

4    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

5    Designating Party whose Designated Information may be affected.

6    If the Designating Party timely seeks a protective order, the Party served with the subpoena

7    or court order shall not produce any information designated in this action before a determination by

8    the court from which the subpoena or order issued, unless the Party has obtained the Designating

9    Party's permission. The Designating Party shall bear the burden and expense of seeking protection

10    in that court of its confidential material – and nothing in these provisions should be construed as

11    authorizing or encouraging a Receiving Party in this action to disobey a directive from another

12    court.

13    **11.    UNAUTHORIZED DISCLOSURE OF DESIGNATED INFORMATION**

14

15    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16    Designated Information to any person or in any circumstance not authorized under this Stipulated

17    Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

18    of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

19    Designated Information, (c) inform the person or persons to whom unauthorized disclosures were

20    made of all the terms of this Order, and (d) request such person or persons to execute the

21    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

22    **12.    MISCELLANEOUS**

23    12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

24    seek its modification by the court in the future.

25    12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order

26    no Party waives any right it otherwise would have to object to disclosing or producing any

27    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

28    Party waives any right to object on any ground to use in evidence of any of the material covered by

this Protective Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 14-cv-04391-MMC

1          12.3    <u>Filing Designated Information</u>. Without written permission from the Designating

2    Party or a court order secured after appropriate notice to all interested persons, a Party may not file

3    in the public record in this action any Designated Information. A Party that seeks to file under seal

4    any Designated Information must comply with Civil Local Rule 79-5.

5    **15.    FINAL DISPOSITION**

6            Within 60 days after the final disposition of this action, as defined in paragraph 4,

7    each Receiving Party must return all Designated Information to the Producing Party or destroy such

8    material.  If the Receiving Party destroys Designated Information, it shall provide written

9    certification of such destruction by the 60-day deadline. Notwithstanding this provision, Counsel

10   are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

11   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

12   work product, and consultant and expert work product, even if such materials contain Designated

13   Information. Any such archival copies that contain or constitute Designated Information remain

14   subject to this Protective Order as set forth in Section 4 (DURATION).

15         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16   Dated:    January 2, 2015 _____        Dated:    January 2, 2015 _____

17   FISH & RICHARDSON P.C.                    K&L GATES LLP

18

19   By    _/s/ David M. Barkan_____        By:    _/s/ Rachel Davidson_____
          David M. Barkan                         Rachel Davidson

20   Attorneys for Plaintiffs                    Attorneys for Defendants
     MAXIM INTEGRATED PRODUCTS,            FAIRCHILD SEMICONDUCTOR
21   INC. and VOLTERRA                    INTERNATIONAL, INC., FAIRCHILD
     SEMICONDUCTOR LLC                    SEMICONDUCTOR CORPORATION,
22                            CALUM MACRAE, LUIZ RAZERA, AMIT
                             JAIN, THOMAS TRUMAN and ROBERTO
23                            GUERRERO

24

25         PURSUANT TO STIPULATION, IT IS SO ORDERED.

26

27   Dated: January 5, 2015 _____        _____
                             Hon. Maxine M. Chesney
28                            United States District Court Judge

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
Case No. 14-cv-04391-MMC

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____[

print or type full address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Northern District of

California on _____ in the case of *Maxim Integrated Products, Inc. v. Fairchild*

*Semiconductor International, Inc., et al,* Case No. 14-cv-04391-MMC. I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date:_____


Printed name: _____


Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 14-cv-04391-MMC